HART v. CRAM.

(Supreme Court, Appellate Division, First Department. February 21, 1908.)

JUDGMENT—DEFAULT—VACATING.

Though proper diligence is not shown, an order denying a motion to vacate a conditional order to open a default will be reversed on a showing of a good defense to the action and inability to comply with the conditional order, where plaintiff fails to meet the alleged defense by a showing of justification of the judgment rendered.

Appeal from Special Term.

Action by Joseph D. Hart against Jacob Cram. From an order denying his motion to vacate an order denying his motion to have a judgment entered and to open his default of appearance therein, unless he paid $15 costs before notice of trial and $10 costs of the motion within five days, and for leave to renew said motion and to open his default and to vacate the judgment, defendant appeals. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Sidney Harris (William S. Woodhull, on the brief), for appellant. David Tim, for respondent.

LAUGHLIN, J. The plaintiff is an attorney and counselor, and he brought this action to recover $20,000 for legal services alleged to have been performed for the defendant. The defendant failed to appear, and judgment was taken against him by default on the 15th day of January, 1904, for the sum of $20,000 damages and $89.85 costs. The moving papers tend to show that the defendant was unable to comply with the conditions of a prior order opening the default, and of the order which he seeks to vacate. He does not show proper diligence in making the motion, but he does show that he was not indebted to the plaintiff for legal services, and that there was no ground for the recovery of the judgment. His affidavit in this respect is not met by the plaintiff, who, instead of showing justification for this large judgment against his client, otherwise than by alleged admissions of the latter, indulges in improper statements reflecting seriously on the morals of his client, apparently upon the theory of contradicting his affidavit that he was without means to pay the expenses incident to opening the default. The immorality of the defendant is no justification for holding an unconscionable judgment against him.

It follows that the order should be reversed, but without costs or disbursements, and motion to vacate order and for leave to renew motion granted and default opened, and leave granted defendant to plead within 10 days upon payment of $25 costs imposed under the former order, the disbursements on entering the judgment and $10 costs of the motion, the judgment to stand as security for any recovery herein by plaintiff. All concur.